UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MARCO G.B., | Case No. 25-CV-4545 (NEB/DTS) |
| Petitioner, | |
| v. | |
| PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. DEPARTMENT OF HOMELAND SECURITY, Department of Homeland Security, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, IMMIGRATION AND CUSTOMS ENFORCEMENT, DAREN K. MARGOLIN, Director for Executive Office for Immigration Review, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, DAVID EASTERWOOD, Acting Director, ST. PAUL FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT, and JOEL BROTT, Sheriff of Sherburne County, | ORDER |
| Respondents. | |

---

G.B. is a native and citizen of Ecuador who entered the United States in 2021. G.B. has a pending U-visa application, and was granted deferred action in 2024. On November 24, 2025, Immigration and Customs Enforcement detained G.B. without notice. G.B. has been held without a bond hearing. G.B. petitions for a writ of habeas corpus and moves

for a temporary restraining order. The day G.B. moved for a TRO the government transferred G.B. to Texas, where he is currently being held.

The Court has already granted writ of habeas corpus in a case with the same material facts. *R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025). There, the Court rejected as unlawful the government's position that it may detain nonresidents like G.B. without a bond hearing. The government does not provide any reason that the Court's reasoning in *R.E.* is inapplicable here. So, for the reasons articulated in *R.E.*, the government must provide G.B. a bond hearing. The Court grants the petition for writ of habeas corpus.[1]

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as follows. G.B.'s detention without an individualized custody determination violated the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment;

---

[1] Respondents argue that ICE and DHS are improper parties. The Court disagrees. *Villavicencio Calderon v. Sessions*, 330 F. Supp. 3d 944, 952 (S.D.N.Y. 2018) ("Detainees cannot be released without the express authorization of ICE; ICE, and only ICE, may authorize release of any detainee."); *Santos v. Smith*, 260 F. Supp. 3d 598, 608 (W.D. Va. 2017).

2. Within **seven days**, Respondents must either provide G.B. a bond hearing or release G.B.;

3. Within **fourteen days**, the parties shall advise the Court whether additional proceedings in this matter are required; and

4. The motion for a TRO (ECF No. 3) is denied as moot.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 18, 2025                    BY THE COURT:

                                                                                    s/Nancy E. Brasel
                                                                                    Nancy E. Brasel
                                                                                    United States District Judge